Per Curiam.
The question in this case lies within a narrow compass. Several positions taken by the plaintiffs’ counsel *88 are very correct; the only question is, whether they apply to the case ; as, that the defendant was bound by the act of his agent Parkhurst, to the same extent, as if he had done the same personally ; that where a fact, which one party does know, or is bound to know, or which is equally known to both parties, becomes material, no notice thereof need be given by the other. So there is no doubt of the position, that a delivery to a common carrier, pursuant to an order for goods, is a sufficient delivery to the vendee to complete a contract of sale. But here the carrier was the plaintiffs’ own agent, and not a common carrier, and the principle has no application.
It appears by the report, that there was evidence tending to show that the defendant had agreed to purchase scythes of the plaintiffs, to be delivered at a future time, and also that he had agreed with one Spaulding to have scythes of him, to be manufactured by the plaintiffs for Spaulding ; that when the scythes were brought, the messenger was asked by the de fendant’s clerk, whether they were ■ delivered on Spaulding’s account or the plaintiffs’, and he said he did not know; upon which they were credited to Spaulding, and accounted for in settlement with him. There was also evidence tending to show, that the fact of their having been so received and credited was early known to one of the plaintiffs. This evidence was left to the jury, with an instruction, that if the scythes were in fact received by the defendant on Spaulding’s account, and credited to him, and this was seasonably known to the plaintiffs, if they did not give seasonable notice to the defendant, that they did not intend to deliver them on Spaulding’s account, but his own (Smith’s) account, then there was no delivery, pursuant to the alleged contract, and the sale was not complete. The Court are all of opinion, that this instruction was correct. The action was for goods sold and delivered. The sale was not complete without delivery, and delivery implies an acceptance. The evidence, which the report finds to have been conflicting and contradictory, left it open for the jury to find, that the fact of leaving the goods at the defendant’s store, which was relied upon as proof of delivery and acceptance, was equivocal, and the parties respectively were under a mistake, the one intending to deliver them under one *89 contract, and the other to accept them under another. In this state of things, it appears to the Court to fall clearly within the rule, as well of equity as of law, that where a fact affecting the rights of parties is known to the one and not known to the other, it is the duty of him to whom it is known, to give notice thereof to the other. Cooke v. Ludlow, 5 Bos. & Pul. 119. Here was evidence, if believed by the jury, that the defendant, under a belief that these goods were delivered by the plaintiffs on the credit of Spaulding, had accounted with and paid Spaulding for them, before any notice was given or claim-made by the plaintiffs. If the plaintiffs, knowing that they were thus accepted and credited, chose to lie by, and leave the defendant thus in ignorance, until it was too late for him to correct the mistake into which he was permitted to fall, they in effect affirmed the delivery as he had received and understood it and acted upon it, and they cannot afterwards be permitted to say that the defendant is responsible for a mistake, which seasonable notice from them would have enabled him to correct.

Judgment on the verdict.